Société Anonyme de Photographie Industrialle, Plaintiff and Appellee, v. Manuel Vallés and Cerame López & Co., Defendants and Appellants.

No. 6098. Argued June 16, 1933.—Decided May 3, 1934.

**632**

*Angel A. Vázquez* for appellants.  *Besosa & Besosa* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Cerame López & Co., in an action against Gastón Bloncourt, attached certain personal property which was placed in the custody of the managing partner, Manuel Vallés. Societé Anonyme de Photographie Industrialle, in an action against Gastón Bloncourt, or Gastón Bloncourt & Company, attached the same property in the hands of Vallés. Later, when the attached property could not be found, Societé Anonyme de Photographie Industrialle brought the present action for damages against Vallés and Cerame López & Company and obtained a judgment.

The first assignment is that the district court erred in overruling a demurrer for want of facts sufficient to constitute a cause of action: (A) Because plaintiff did not allege any fault or negligence on the part of defendants; (B) because plaintiff did not allege the amount covered by the second attachment; (C) because plaintiff did not allege that Vallés accepted the office of custodian or took possession of

the property attached by plaintiff; (D) because plaintiff did not allege the existence of any relationship between Bloncourt and Bloncourt and Company, who are two separate entities, nor the insolvency, of either, nor the nonexistence of other property subject to execution; and, (E) because plaintiff did not allege that the court had rendered in the second action any judgment from which no appeal had been or could be taken determining the amount for which Gastón Bloncourt & Company was liable.

The complaint does not use the words fault and negligence. It does set forth the circumstances in which Vallés, with full knowledge of the second attachment, returned the attached property to Gastón Bloncourt, Cerame López & Company was responsible for the tortious act of Vallés as custodian of the attached property. It was not necessary to allege that Vallés committed a tort when he delivered the attached property to Bloncourt instead of to the marshal, from whom he had received it, nor to point out that Cerame López & Company was responsible for the act of the custodian in whose hands Cerame López & Company, as plaintiff in the original action, had caused the attached property to be placed. Plaintiff did allege, however, that Vallés had been named as custodian of the attached property at the request and under the responsibility of Cerame López & Co.

Plaintiff alleged that as a result of a certain investigation and hearings in a certain action, it transpired that Vallés had delivered the attached property to Bloncourt as the result of a compromise between the parties to the original action on exhibition by Bloncourt of certain documents which showed that the compromise had been reached without judicial approval. Appellants stress this averment as evidence of good faith on the part of Vallés. Plaintiff also alleged that notice of the second attachment was served on Vallés as custodian of the attached property to the end that he should retain possession thereof until further order of the court. He must be presumed to have been aware of the duty

and responsibility imposed upon him by this constructive levy of a second attachment whether expressly instructed or not as to the nature and character of that duty and responsibility. He must be presumed to have known that the property in his custody was in *custodia legis* and that he was not at liberty to deliver the same to the defendant in the original action without leave or order of court. The fact that Bloncourt exhibited documentary evidence of an extra judicial settlement of the original controversy may or may not be an extenuating circumstance. It can not be regarded as enough to relieve defendants from all responsibility.

Plaintiff alleged that in the second action a writ of execution for $591.71 with interest at the legal rate had been issued against the attached property. A detailed inventory of the property covering four closely typewritten pages was attached to the complaint as an exhibit. Plaintiff also alleged that the value of the property exceeded $1,200 and that the damages caused by the tortious acts of defendants amounted to $591.71, with interest at the legal rate and in addition thereto, $200 attorney's fees which plaintiff has agreed to pay its attorneys. It may be conceded that the complaint is ambiguous and uncertain but defendants did not demur on that ground nor move the court to require that the pleading be made more specific. The inference from the facts stated was that the amount specified in the second attachment was sufficient to cover the damages sought to be recovered in the present action. In any event, the question here presented involved a defective statement of the cause of action rather than a failure to state a cause of action and the defect complained of is not enough to justify a reversal.

Here we have assumed with appellants, first, that plaintiff was obliged to allege facts showing the maximum of defendant's liability, and second, that the amount specified in the second attachment was the maximum limit of such liability. As between the amount of the second attachment and the

value of the attached property we see no reason why the limit of defendants' responsibility should not be determined by the latter instead of the former so far as either of these factors was involved.

The argument for appellants concedes by necessary implication a liability for damages within an unspecified maximum. It concedes a liability for the full amount sought to be recovered unless that amount should exceed such unspecified maximum, and in any event, for a certain proportion of the amount claimed by plaintiff. The failure to state facts sufficient to show conclusively that plaintiff was entitled to the whole of the amount claimed as damages was not a failure to state facts sufficient to constitute a cause of action.

An averment that Vallés accepted the office of custodian or took possession of the property attached by plaintiff was unnecessary. He was already in possession of the attached property and the fact that he continued to retain possession after being served with notice of the second attachment was a sufficient acceptance of responsibility as custodian. He might have relieved himself of that responsibility at the time of the second attachment or at any time thereafter by re-delivery of the attached property to the marshal of the court from whom he had received it.

Plaintiff alleged that when the marshal went to resume possession of the attached property under the writ of execution, the property had disappeared; that, pursuant to instructions from plaintiff's attorneys, the marshal then made a search for other property belonging to "the defendant, Gastón Bloncourt, or to Gastón Bloncourt & Company" and was unable to find any property belonging "to the defendant Gastón Bloncourt or to Gastón Bloncourt & Company" and was unable to make any levy under the writ of execution. This was a sufficient averment as to the nonexistence of other property subject to execution. In the circumstances, it was not necessary to allege the insolvency of Gastón Bloncourt or of Gastón Bloncourt & Company. Nor can we

assume with plaintiff that Gastón Bloncourt and Gastón Bloncourt & Company were necessarily separate entities. Gastón Bloncourt may have been doing business under the name of Gastón Bloncourt & Company. In any event, we would have no more reason to assume that the attached property belonged to Gastón Bloncourt than we would have to assume that it belonged to Gastón Bloncourt & Company. So far as the sufficiency of the complaint is concerned, it is enough that the same property had been twice attached, and, assuming the validity of the second attachment, illegally disposed of by the custodian designated by the first of the two attaching creditors. In passing on the demurrer for want of facts sufficient to constitute a cause of action, the district judge could not assume the invalidity of the second attachment, and the omission of any averment as to the relationship between Gastón Bloncourt and Gastón Bloncourt & Company was not a fatal defect.

The averments that a writ of execution had issued in the second action, that the marshal had attempted to make a levy under the writ, that he had been unable to find any property subject to execution, and that a judicial inquiry had been made in order to ascertain the whereabouts of the attached property were enough to show that the court had rendered a judgment in the second action and that no appeal from such judgment was pending.

By way of preface to a second amended answer, defendants again demurred to the complaint for want of facts sufficient to constitute a cause of action, in that the action was barred by subdivision 2 of section 1869 of the Revised Civil Code, and the overruling of this demurrer is also assigned as error.

The complaint was filed January 23, 1931. Plaintiff alleged therein:

"6. That the plaintiff herein, which is also plaintiff in case No. 8345, on securing a writ of execution on May 9, 1929, for $591.71 plus legal interest, proceeded to enforce said writ of execution on the

property already attached, which is faithfully described on four sheets of legal paper attached to this complaint and made part of this pleading.

"7. That when the marshal tried to execute the said goods and property, he discovered that the same had disappeared.

"      *      *      *      *      *      *      *

"12. That plaintiff herein later on, about the beginning of 1930, filed a motion for the summons of Cerame López & Co. and Manuel Vallés to appear before this Hon. Court to testify in regard to the said attached property.

"13. That at the hearings held pursuant to the motion of the plaintiff herein it turned out that Manuel Vallés, who was the custodian of the property as designated by Cerame López & Co. who were responsible for the same, had unlawfully delivered the said property to Gastón Bloncourt by reason of a compromise reached in suit No. 8314 on Bloncourt showing to Vallés documents to the effect that suit No. 8314 had been settled out of court."

From these averments it appears that the marshal was unable to find the attached property in May, 1929. That circumstance, without more, was not enough to fasten responsibility on Vallés and Cerame López & Co. It was only in the course of the proceeding commenced early in 1930 that plaintiff herein learned that Vallés had returned the attached property to Gastón Bloncourt. The facts stated in the complaint indicate that the complaint was filed within a year after plaintiff, by bringing to bear upon Vallés and upon Cerame López & Company the pressure of a judicial inquiry, was able to ascertain what Vallés had done, and by the terms of subdivision 2 of section 1869 the statutory period must be counted "from the time the aggrieved person had knowledge" of the tortious act. The district judge did not err in overruling the demurrer.

The third and fourth assignments go to the sufficiency of the evidence and to alleged error in the weighing thereof. They are equally without merit.

The judgment appealed from must be affirmed.